IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-23,600-05






EX PARTE REGINALD DONNELL REECE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 07F0171-202B IN THE 202ND JUDICIAL DISTRICT COURT


FROM BOWIE COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession of a
controlled substance, and was sentenced to four years' imprisonment. He did not appeal his
conviction.

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to investigate and discover the fact that the drugs with which Applicant was arrested
were weighed at the time of his arrest and found to be under one gram. However, Applicant was
indicted for possessing more than a gram of cocaine. Applicant alleges that counsel erroneously
advised him to plead guilty to an offense that was not supported by the evidence. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with copies of the plea documents,
including any written admonishments, waivers and stipulations, and plea agreements. The trial
court shall make findings of fact as to whether Applicant's counsel investigated the quantity of
controlled substance which Applicant was alleged to have possessed, and as to whether the State had
evidence to support the charge that Applicant possessed more than one gram of cocaine. The trial
court shall make findings as to whether Applicant was admonished as to the nature of the charge,
the applicable punishment range, the rights he was waiving, and the consequences of his plea. The
trial court shall also make findings as to why Applicant is serving a four-year sentence for a third
degree felony in a state jail facility. The trial court shall make findings as to whether the
performance of Applicant's trial attorney was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: October 7, 2009

Do not publish